# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39283**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Kaylyn N. BROWN**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 22 January 2018

————————————

*Military Judge:* Mark W. Milam (arraignment); James E. Key III.

*Approved sentence:* Bad-conduct discharge, confinement for 13 months, and forfeiture of all pay and allowances. Sentence adjudged 10 April 2017 by GCM convened at Minot Air Force Base, North Dakota.

*For Appellant:* Captain Mark J. Schwartz, USAF.

*For Appellee:* Colonel Katherine E. Oler, USAF; Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Major Amanda L.K. Linares, USAF; Major Mary Ellen Payne, USAF.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

Appellant and another Airman stole and sold gunsights and night vision devices. After investigation uncovered her crimes, Appellant pleaded guilty before a military judge sitting as a general court-martial to selling military property, larceny of military property, conspiracy to commit larceny and sale

of military property,[1] and failing to obey a no-contact order, in violation of Articles 108, 121, 81, and 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 908, 921, 881, 892. The military judge sentenced Appellant to a bad-conduct discharge, 13 months of confinement, and forfeiture of all pay and allowances.

Appellant now claims, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that her sentence is inappropriately severe in comparison to her co-conspirator's sentence and that she was neglected by her command while serving 32 days of confinement in a civilian facility. During our review of Appellant's case, we considered the issues raised by Appellant and Appellant's burden with respect to each matter. We summarily reject Appellant's claims; they do not require additional analysis or warrant relief. *See United States v. Matias*, 25 M.J. 356 (C.M.A. 1987).

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.[2]

FOR THE COURT

KATHLEEN M. POTTER
Acting Clerk of the Court

---

[1] Appellant pleaded guilty to conspiring to steal and sell military property listed in the specification, except "an M-4 Carbine." That portion of the specification was litigated. The military judge found Appellant not guilty of the excepted language that alleged Appellant conspired to steal and sell the military rifle.

[2] After arraignment, the military judge dismissed Specification 2 of Charge III. However, the court-martial order (CMO) and report of result of trial fail to address this specification. We are once again compelled to order a corrected CMO and report of result of trial to remedy the Government's avoidable post-trial processing errors. *See United States v. Parker*, 73 M.J. 914, 921 (A.F. Ct. Crim. App. 2014) ("The Government would be well-advised to find no solace in our resolution of this obvious error. The Government's neglectful post-trial processing . . . created an issue where none should have existed.").